IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DANNIE WILEY, #B82633,**

    Plaintiff,

v.

**SETH MERACLE,** *et al.***,**

    Defendants.

Case No. 3:24-cv-01348-SPM

## MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

    This case is before the Court on a Motion to Dismiss (Doc. 38), and a Motion to Join the Motion to Dismiss (Doc. 43). The underlying complaint filed by Plaintiff Dannie Wiley, an Illinois inmate, concerns events that transpired at Pinckneyville Correctional Center in 2018. Wiley initially filed a lawsuit about these issues in October of 2020, with an amended complaint in July of 2022. *Wiley v. Mercale, et al.*, Case No. 20-cv-1140-SPM (S.D. Ill.). The Court reviewed both complaints, allowing some claims to proceed while dismissing others as insufficiently pled. *Id.* (Docs. 10, 37). On June 8, 2023, while discovery was ongoing, Wiley moved to voluntarily dismiss his 2020 case. *Id.* (Doc. 66). The Court granted Plaintiff's Motion, and the case was closed on July 7, 2023. *Id.* (Docs. 71, 72). On May 20, 2024, Plaintiff filed this new case.

    Upon initial review, the Court acknowledged the existence of Wiley's 2020 case, and indicated that under Illinois law, a plaintiff has an absolute right to refile a voluntarily dismissed case within one year. *See* 735 ILCS 5/13-217; (Doc. 13 pp. 1-2). Applying this provision of Illinois law, the Court cited to *Peterson v. Wexford Health Sources, Inc.*, 986 F.3d 746, 755 (7th Cir. 2021). In *Peterson*, the Seventh Circuit held that an Illinois inmate had an absolute right to refile a complaint about his incarceration within a year of his voluntary dismissal, even if the new

1

complaint included additional theories that arose from the same transaction alleged in the prior action. *Peterson*, 986 F.3d at 755. In reaching this holding, the *Peterson* Court explicitly acknowledged that the doctrine of relation back under Federal Rule of Civil Procedure 15(c) would not have saved the claims if added by amended complaint in the original action, but it held that relation back did not apply to new causes of action, and thus 735 ILCS 5/13-127 could preserve broader claims in a new action. *Id.* The *Peterson* Court's interpretation of 735 ILCS 5/13-127 is consistent with the Illinois Supreme Court's interpretation. In *Richter v. Prairie Farms Dairy, Inc.*, 53 N.E.3d 1, 14-15 (Ill. 2016), the Illinois Supreme Court found that plaintiffs could file a new action within a year of dismissal of an old action, even where the new action included claims dismissed in the old action as insufficiently pled, the new action included additional claims beyond the scope of the original action, and the original action was voluntarily dismissed.

In the present Motion to Dismiss, the Defendants focus on a discussion of relation back, and cite to *Herrera v. Cleveland*, 8 F.4th 493 (7th Cir. 2021). The *Herrera* case is about relation back of amended complaints, concerning the timeliness of a plaintiff properly identifying a John Doe defendant. They argue by reference to *Herrera* that because some of Plaintiff's claims in his prior case were rejected as insufficiently pled, Plaintiff cannot now file this case to revive those claims. (Doc. 38 at 4-5). They also argue that to the extent Plaintiff now names John Does, there is no excuse for his inability to know their names and naming placeholders cannot make his claims timely. (Doc. 38 at 5). The Defendants that seek to piggyback on these arguments via the Motion to Join (Doc. 43), provide arguments consistent with the original movants.

Ultimately, the Defendants' arguments for dismissal are unavailing because the *Peterson* Court clearly and unequivocally said that relation back rules do not apply to a complaint filed within the bounds of 735 ILCS 5/13-127. According to the *Peterson* Court, a Plaintiff exercising his ultimate right under this statute can file a new pleading with any claims new or old that related

to the core nucleus of the original case.  This is consistent with the Illinois Supreme Court's own interpretation of 735 ILCS 5/13-127.  Here, Plaintiff's claims are a mixture of new and old claims, and under *Peterson*, they are not subject to relation back, so they may proceed.

Aside from the notion of relation back, the defendants argue without citation that "claims previously dismissed in the earlier complaints cannot now be resurrected after a dismissal and cannot be included in future amendments after the statute of limitations has expired." (Doc. 38 at 5).  This seems more like an argument for claim preclusion or res judicata than one concerning relation back, but it is important to remember the posture of the previous case, and how dismissals occurred.  In the initial case, Plaintiff had various claims that were rejected during the § 1915A screening, at which time it was noted that the dismissals were without prejudice because the claims were insufficiently pled.  Plaintiff also ultimately ended the entire case with a voluntary dismissal, which was noted to be without prejudice.

Under the doctrine of res judicata, a party is precluded "from relitigating any issues that were or could have been raised" in a prior action that resulted in a final judgment on the merits. *Allen v. McCurry*, 449 U.S. 90, 94 (1980).  Res judicata based on a prior federal court judgment precludes a second action where there is: "(1) a final judgment on the merits in an earlier action, (2) an identity of the cause of action in both the earlier and later suit, and (3) an identity of parties or privies in the two suits." *Tartt v. Nw. Cmty. Hosp.*, 453 F.3d 817, 822 (7th Cir. 2006). "Under the doctrine of collateral estoppel (also known as issue preclusion), once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving a party to the prior litigation." See, *Our Country Home Enters., Inc. v. Comm'r of Internal Revenue*, 855 F.3d 773, 782 (7th Cir. 2017) (internal citations omitted). Collateral estoppel constraints, as a matter of federal law, apply only when "(1) the issue sought to be precluded [is] the same as that involved

in the prior litigation, (2) the issue must have been actually litigated, (3) the determination of the issue must have been essential to the final judgment, and (4) the party against whom estoppel is invoked must [have been] fully represented in the prior action." *Grede v. FCStone, LLC*, 867 F.3d 767, 776 (7th Cir. 2017) (*quoting Matrix IV, Inc. v. Am. Nat'l Bank & Trust Co. of Chi.*, 649 F.3d 539, 547 (7th Cir. 2011)) (citation omitted).

The catch for this case is that the dismissals of Plaintiff's prior claims at § 1915A review, and the dismissal of the entire suit, were all dismissals without prejudice. This means that the determinations on the sufficiency of those claims were not essential to a *final* judgment on the sufficiency of the claims. If the claims had previously been dismissed with prejudice, there might be a different outcome here, but that is not what transpired. *See e.g., LeSure v. Walmart Inc.,* 2023 WL 8356796 (E.D. Wisc. Dec. 1, 2023) (finding that claims dismissed in a prior suit with prejudice for failure to state a claim after multiple opportunities to amend, could not then be re-plead in a new suit). Without a final binding determination, the Court does not find it appropriate to now bar the repleading of the claims. This holding is consistent with *Richter v. Prairie Farms Dairy, Inc.*, 53 N.E.3d 1 (Ill. 2016). Thus, the Defendants' Motions to Dismiss must be denied.

## DISPOSITION

Defendants' Motion to Dismiss (Doc. 38), and the Motion to Join (Doc. 43) are **DENIED**. Defendants' Motion for an Extension of Time to Answer (Doc. 39) is **GRANTED**. All Defendants who have not yet filed an answer shall have 30 days to file an answer.

**IT IS SO ORDERED.**

**DATED:  September 22, 2025**

*s/ Stephen P. McGlynn*
**STEPHEN P. MCGLYNN**
**United States District Judge**